## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRAN KRAMER, individually, and**<br>**as Executrix of the Estate of**<br>**LANNY KRAMER, deceased,** )<br> )<br> )<br> )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br>**TEXTRON AVIATION, INC., et al.,** )<br> )<br>**Defendants.** )<br>———————————————————— ) | **Case No.: 20-2341-DDC-GEB** |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Textron Aviation Inc.'s Motion to Designate Wichita, Kansas as the Place of Trial (**ECF No. 6**).  After review of the motion and all related briefing (Def.'s Mem., ECF No. 7, Pl.'s Opposition, ECF No. 11), the Court is now prepared to rule.  For the reasons stated below, Defendant's Motion to Designate Wichita, Kansas as the Place of Trial (ECF No. 6) is **DENIED** without prejudice as premature.

### I.      Background[1]

Plaintiff Fran Kramer filed this case seeking damages for personal injuries and the wrongful death of her husband, Lanny Kramer.  She brings her claims against three groups of defendants: 1) Textron Aviation Inc. ("Textron"), as successor corporation to the Cessna

---

[1] The information in this section is taken from the Complaint and the single Answer filed up to the date of this opinion (*see* ECF Nos. 1, 5) and the briefs regarding place of trial.  This background information should not be construed as judicial findings or factual determinations.

Aircraft Company ("Cessna"); 2) ACS Products Co., as purchaser of the relevant assets of Gerdes Products Company ("Gerdes"), and 3) unknown John Does 1-10.  In July 2018, Plaintiff's husband, Lanny Kramer, died after being pulled into the propeller when his Cessna aircraft's engine started on its own.  Plaintiff claims defects in the ignition switch caused the accident, and alleges the ignition switch was manufactured by Gerdes for Cessna.  Plaintiff brings negligence (Count I), strict liability (Count II), breach of warranty (Count III), failure to warn (Count IV) and negligent infliction of emotional distress (Count V) claims against all Defendants, and seeks both damages for the anguish her husband suffered before his death and damages for his wrongful death. (Compl., ECF No. 1.)

Defendant Textron, successor by merger to Cessna, generally denies Plaintiff's claims. (Ans., ECF No. 5.)  Defendant ACS Products, alleged purchaser of Gerdes, has not yet responded to the Complaint. (*See* Stip. and Order, ECF Nos. 12, 13; Motion, ECF No. 16; and Order, ECF No. 17.)

## II. Defendant Textron's Motion to Designate Wichita, Kansas as Place of Trial (ECF No. 6)

In her Complaint, Plaintiff designated Kansas City, Kansas as the place of trial. (ECF No. 1). In its Answer, Textron counter-designated Wichita, Kansas as place of trial (Answer, ECF No. 5) and filed the subject Motion seeking to formally move the trial to Wichita.  (ECF No. 6)

Textron contends there is no connection to Kansas City in this case, aside from it being the location of Plaintiff's local counsel.  Plaintiff's lead counsel is located in Raleigh, North Carolina, and Plaintiff resides in Florida. (Compl., ECF No. 1 at ¶ 1.) Defendant

ACS is an Arizona corporation, with its headquarters and principal place of business in Arizona. (*Id*. at ¶ 4.) Because both Plaintiff and defendant ACS reside out of state, and the identities and domiciles of the John Doe defendants are unknown (*Id*. at ¶ 6), the only party located in Kansas is Textron.  Textron is a Kansas corporation, with its headquarters and principal place of business in Wichita, Kansas.  (*Id*. at ¶ 2.)

Although no party has yet provided any initial identification of witnesses through disclosures, Textron argues all potential witnesses and evidence associated with Textron are located in or around the Wichita area.  And, because there are commercial airports in both Kansas City and Wichita, out-of-state parties and witnesses would have an equal burden of travel to either location.  Because Textron is located in Wichita, as well a majority of other witnesses to the production of the aircraft, Textron argues Wichita is a more convenient location and Kansas City is a substantially more inconvenient location for the trial of this matter.  To support its arguments, Textron provides a declaration from its counsel describing its anticipated fact witnesses and the location of its records (Decl. of Lynn Preheim, ECF No. 7-1), as well as printouts from Google maps demonstrating the distances between Textron's headquarters and the Kansas City courthouse (ECF No. 7-2); between Textron and the Wichita courthouse (ECF No. 7-3); and between Sarasota County Florida and both courthouses (ECF No. 7-4 and 7-5).  Textron's counsel are also located in Wichita. (ECF No. 7 at 3.)

Plaintiff contends her choice of trial in Kansas City is entitled to deference.  The incident underlying this case took place in Tennessee, and Plaintiff agrees with Textron's arguments regarding the location of the corporate defendants and Plaintiff's residence in

Florida.  But Plaintiff maintains it is too early in the litigation to determine where many witnesses will be located.   Even if there are witnesses called from Textron's Wichita location, there will be witnesses called from the location of the accident in Tennessee, as well as employees of the other defendants, including ACS, who are likely to be located in Arizona.  Due to the multiple locations of the parties to this suit, many of the parties to this case will be forced to travel, regardless of whether the trial is held in Kansas City or Wichita. (ECF No. 11 at 7.)  At this point, Plaintiff maintains Textron cannot support its claim that a majority of defendants will be inconvenienced by a trial in Kansas City.

Plaintiff also contends there is a question whether all parties can obtain a fair trial in Wichita, because Textron employs over 8,000 people in the Wichita area. (ECF No. 11 at 7.)  Plaintiff maintains there is a "serious possibility" that many in the Wichita jury pool would be Textron employees, or their family members and/or friends.  And, even if the Court finds Plaintiff could receive a fair trial in Wichita, there is no reason to believe a trial of this matter in Kansas City would be unfair; therefore, this factor is neutral.

Plaintiff argues Textron has provided no compelling reason to move the location of trial and fails to meet its heavy burden to show that Kansas City would be an inconvenient forum.

### A.    Legal Standard

Although the parties are required to designate a place of trial in their pleadings, D. Kan. Rule 40.2(e) makes clear the Court is not bound by the parties' requests regarding

place of trial, and may determine the place of trial upon motion by any party.[2]   The district court has broad discretion to decide the location of trial "based on a case-by-case review of convenience and fairness."[3]

When determining the place of trial, the relevant factors considered are: (1) Plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[4]

"It is the moving party's burden to show that the designated forum is inconvenient."[5]  "Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed."  However, when "the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[6]

## B.    Discussion

The Court applies all relevant factors in its analysis.

---

[2] *Lopez-Aguirre v. Bd. of Cty. Comm'rs of Shawnee Cty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (citing D. Kan. Rule 40.2).

[3] *Id.* (citing *Twigg v. Hawker Beechcraft Corp.,* 2009 WL 1044942, at * 1–2 (D. Kan. Apr. 20, 2009) (noting the "courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)").

[4] *Bright v. BHCMC, LLC,* No. 17-2529-JWL-GEB, 2018 WL 398450, at *2 (D. Kan. Jan. 12, 2018) (discussing D. Kan. Rule 40.2(e) and factors relevant to a 28 U.S.C. § 1404(a) motion for change of venue) (citing *Lopez-Aguirre*, 2014 WL 853748, at *1; *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007)).

[5] *Agustonelli*, 2004 WL 825300, at *8 (citing *Wiggans v. Hartford Life & Accident Ins. Co.,* No. 02–2080–JWL, 2002 WL 731701, at *2 (D. Kan. April 15, 2002)).

[6] *Bright*, 2018 WL 398450, at *2 (citing *Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007)  (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006))).  *See also Lopez-Aguirre*, 2014 WL 853748 at *1-2 (citing *Twigg*, 2009 WL 1044942, at * 1–2) (noting "because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.")

### 1. Plaintiff's Choice of Forum

Regarding the first factor, Plaintiff admittedly lives out of state and not in her chosen forum. Though a plaintiff's chosen trial setting is generally not disturbed,[7] settled authority from this District reiterates a plaintiff's choice of forum is given reduced weight when the plaintiff does not reside there.[8] Although Plaintiff's choice remains a factor, the Court gives it less deference considering she does not reside there, and finds it is of no more weight than any of the other factors considered.

This is especially so because the connections of this case to Kansas City are relatively unrelated to the lawsuit itself.[9] In addition to the reduced weight afforded Plaintiff's choice when she does not live there, courts in this District have given little weight to a plaintiff's choice of forum "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[10] Here, there are no connections between the facts of this lawsuit—where the incident occurred in Tennessee and at least portions of the aircraft were allegedly produced in Wichita, Kansas—and Kansas City.

---

[7] *See Roberts v. Sedgwick County Sheriff's Dep't,* No. 02–2337–JWL, 2004 WL 726822, at *1 (D. Kan. April 2, 2004) (citing *Wiggans,* 2002 WL 731701, at *1 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 265–66 (1981)).

[8] *See supra* note 9. *See also Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (finding "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight").

[9] *Lopez-Aguirre*, 2014 WL 853748, at *2 (citing *Twigg,* 2009 WL 1044942, at *2 (internal quotation and citations omitted).

[10] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Cook,* 816 F. Supp. at 669).

The sole connection between this lawsuit and Kansas City does not arise from the impetus of the case—it is merely the location of Plaintiff's local counsel.  As noted below, although this could make Kansas City convenient for Plaintiff's attorneys, this is not a connection significant enough, on its own, to support the choice of trial.

Because Plaintiff does not reside in her chosen forum, and the connection to the chosen forum is not related to the facts which were the source of the lawsuit, the Court finds this factor weighs in favor of transfer.[11]

### 2.   Convenience for Witnesses

The next factor, the convenience of the forum for non-party witnesses, is "the most important factor to be considered."[12]  As the party seeking to move the location of trial, Textron "must establish that [Kansas City,] the proposed forum, is 'substantially inconvenient,' meaning that 'all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden.'"[13]  To do so, Textron must "identify the witnesses and their locations, indicate the quality or materiality of their

---

[11] *See, e.g., McDermed*, 2014 WL 6819407, at *2 (noting the plaintiff lived in Topeka, the underlying facts occurred in Topeka, and the defendant was located in Topeka; therefore finding "this factor weighs in favor of transfer.")

[12] *See Meek v. Associates, Inc. v. First Union Ins. Group*, 2001 WL 58839, at *1 (D. Kan. 2001) ("Convenience of the non-party witnesses is the most important factor to be considered") (citing *Cook,* 816 F. Supp. at 669).  *See also McDermed*, 2014 WL 6819407, at *2 ("the convenience of witnesses is the most important factor") (also citing *Cook*).

[13] *LeTourneau, v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 164602, at *2 (D. Kan. Apr. 14, 2015)).

testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[14]

Because this case has not yet progressed to discovery, and in fact one defendant has yet to respond to the Complaint, both the Court and the parties are unable to fully ascertain the location of all potential witnesses and their willingness to appear at trial without compulsory process.   No party has yet submitted its Fed. R. Civ. P. 26(a)(1) initial disclosures.   Although Textron provides a declaration from its counsel describing its anticipated fact witnesses and the location of its records, Textron is not the only party to this case.

The Court is cognizant of Textron's sole presence in this District, and the potential for many of its witnesses to more conveniently appear for trial at the federal courthouse in Wichita.   However, because this case is in its infancy, the Court cannot weigh the convenience of these possible witnesses against the convenience to other potential witnesses yet to be disclosed.  For these reasons, the Court is currently unable to determine the weight of this most important factor.[15]

### 3.   Accessibility of Witnesses and Other Sources of Proof

Although this Court sees no sources of proof which tie this case to the Kansas City area, and at least some sources of proof significantly closer to Wichita, as described above,

---

[14] *Id.* (quoting *McDermed*, 2014 WL 6819407, at *2 (internal quotation marks and other citations omitted)).

[15] *See, e.g., Hobart v. Blue Cross and Blue Shield of Kansas, Inc*., No. 08-2545-CM, 2009 WL 211565, at *1 (D. Kan. Jan. 28, 2009) (noting, "Because the witnesses are unknown, defendant has not shown that it will be substantially inconvenient for a majority of the witnesses to travel . . . ).

it is simply too early for the Court to make this call.  In the event a later designation of witnesses and sources of evidence clarify this issue, the Court may more appropriately consider this factor.  As noted above, it is too soon to evaluate the accessibility of witnesses and proof, and for this reason, the Court finds this factor does not currently weigh in favor of transfer.

### 4.    Possibility of Obtaining a Fair Trial

Plaintiff argues there it as least some question whether a fair trial could be held in Wichita, Kansas, due to Textron being such a significant employer in the Wichita area. Because the potential jury pool could contain Textron employees, family members of employees, or friends of Textron employees, Plaintiff argues this "large number of potential conflicts could affect Plaintiff's ability to obtain a fair trial" in Wichita. (ECF No. 11 at 7-8.)  And, even if the Court concluded Plaintiff could obtain a fair trial, there is no reason to believe any party could not secure a fair trial in Kansas City. (*Id*. at 8.)

However, this Court notes similar arguments regarding large Wichita employers have been repeatedly rejected.[16]  Courts in the District of Kansas have "consistently held"

---

[16] *Wood v. Learjet, Inc.*, No. 18-2621-CM-GEB, 2019 WL 2523577, at *2 (D. Kan. June 19, 2019) (citing *Benson v. Hawker Beechcraft Corp*., No. 07-2171-JWL, 2007 WL 1834010, at *4 n.3 (D. Kan. June 26, 2007); also citing *McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *3 (D. Kan. Apr. 14, 2015) (finding the argument that a plaintiff may not receive a fair trial in Wichita because a Wichita jury would consist of Wichita taxpayers is nothing more than speculation); *Jones v. Wichita State Univ*., No. 06-2131-KHV-GLR, 2007 U.S. Dist. LEXIS 29185, 2007 WL 1173053, at *6-7 (D. Kan. Apr. 19, 2007) (finding a fair trial could be had in Wichita, despite the popularity of the Wichita State University's men's basketball team); *Baker v. Via Christi Reg'l Med. Cnt*., No. 06-2168-KHV, 2007 WL 913925, at *2 (D. Kan. Mar. 23, 2007) (finding a fair trial could be had against Via Christi Regional Medical Center in Wichita, and any concerns may be addressed during voir dire of prospective jurors); *Aramburu v. Boeing Co*., 896 F. Supp. 1063, 1065 (D. Kan. 1995) (rejecting "plaintiff's contention that he will have more difficulty finding a fair and impartial jury in Wichita" in a case involving Boeing)).

that plaintiffs who bring lawsuits "against a Wichita-based employer can get a fair trial in Wichita and that concerns to the contrary may be adequately addressed during voir dire."[17]

Therefore, the fourth factor is, at best, neutral because a fair trial could be obtained in either location.

### 5.    Other Practical Considerations

The final factor reviewed by the Court includes ""all other practical considerations that make a trial easy, expeditious, and economical."[18]  As discussed above, it is too soon to tell whether either location would be more economical for the witnesses or easier for any of the participants.  As for other practical considerations, Plaintiff's counsel is located in Kansas City, and Textron's counsel is located in Wichita—facts which both parties claim work to each side's advantage.  However, the Court views the location of counsel as less important to the analysis, as have many other courts in this District.[19]  As with other factors, the Court finds it simply too soon to ascertain whether a trial in either location would make it easier or more economical for any party.

---

[17]  *Wood*, 2019 WL 2523577, at *2 (quoting *Benson*, 2007 WL 1834010, at *4 n.3).

[18] *Escalante*, 2018 WL 4341268, at *3 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).

[19] *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019 WL 121118, at *3 (D. Kan. Jan. 7, 2019) ("our court usually gives the convenience of counsel 'little if any weight'") (quoting *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *2 (D. Kan. Apr. 18, 2007); also citing *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *2 (D.  Kan.  Apr. 19, 2007); but comparing *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012) ("[T]he fact that counsel both for [defendant] and for plaintiffs have their offices in the Kansas City area weighs against the requested transfer.").

### C.     Conclusion

The burden lies with Textron to establish Kansas City is substantially inconvenient for the location of trial to be moved.  As described above, although the Court sees almost no connection to Kansas City and gives Plaintiff's choice of forum little weight, the most important factor—the convenience to non-party witnesses—simply cannot be weighed at this stage of the case.  While it is certainly conceivable that all witnesses identified in the District of Kansas will be located in the Wichita metropolitan area, this projection has yet to be borne out through disclosures and discovery.  Based on the above, the Court finds, at this time, the balance simply does not weigh strongly in favor of transfer, as is required to disturb Plaintiff's choice of trial location.  Therefore, the Court **DENIES** Textron's motion for Wichita, Kansas to be the designated place of trial, without prejudice to reasserting the motion at a later time when the facts of the case are more fully developed.

**IT IS THEREFORE ORDERED** that Defendant Textron's Motion to Designate Wichita as the Place of Trial (**ECF No. 6**) is **DENIED without prejudice** as premature.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of December 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge