## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRAN KRAMER, individually, and**<br>**as Executrix of the Estate of**<br>**LANNY KRAMER, deceased,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**TEXTRON AVIATION, INC.,**<br>**ACS PRODUCTS COMPANY, and**<br>**JOHN DOES 1-10,**<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   **Case No. 20-2341-HLT-GEB**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant ACS Products Company's ("ACS")
motion to stay the merits of this proceeding (**ECF No. 29**). After the motion was filed,
Plaintiff Fran Kramer joined ACS in seeking a stay (ECF No. 31), while Defendant Textron
Aviation, Inc. opposed the motion (Response, ECF No. 32). On October 21, 2021, the
Court held a hearing to discuss the pending motion. Plaintiff appeared through counsel,
Diane Watkins.[1] Defendant Textron Aviation, Inc. appeared through counsel, Christina
Hansen. Defendant ACS Products Company appeared through counsel, Paul Herbers. After
review of the parties' briefing and considering the arguments of counsel, Defendant ACS'

---

[1] Attorney James T. Crouse of Crouse Law Offices in Raleigh, North Carolina, also attended the
October 21 hearing; however, he has not entered an appearance in this action. When questioned,
he submitted he represents Plaintiff in both Kansas and the pending Arizona action, and has not
yet determined whether he will seek *pro hac vice* admission in this matter.

Motion to Stay was **DENIED** by oral ruling at the hearing.   This written opinion memorializes that ruling.

## I.      Background[2]

This case was filed on July 8, 2020 by Plaintiff Fran Kramer, individually and as executrix of the estate of her late husband, Lanny Kramer. Plaintiff brings her claims against three groups of defendants: 1) Textron, as successor corporation to the Cessna Aircraft Company; 2) ACS Products, as purchaser of the relevant assets of Gerdes Products Company ("Gerdes"), and 3) unknown John Does 1-10.

In July 2018, Lanny Kramer died after being pulled into the propeller while performing a "walk around" inspection of his Cessna aircraft, when the plane's engine started on its own. Plaintiff claims defects in the ignition switch caused the accident and alleges the ignition switch was manufactured by Gerdes for Cessna. The accident occurred at Cleveland Regional Jetport in Cleveland, Tennessee. Plaintiff brings negligence (Count I), strict liability (Count II), breach of warranty (Count III), failure to warn (Count IV), and negligent infliction of emotional distress (Count V) claims against all Defendants. She seeks both damages for the anguish her husband suffered before his death and damages for his wrongful death.

To date, Plaintiff has filed three cases in three jurisdictions, attempting to pursue her case in the proper jurisdiction. First, Plaintiff filed her case in July 2019 in the U.S.

---

[2] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) and from the briefing surrounding the pending motion (ECF Nos. 29, 31, 32).  This background information should not be construed as judicial findings or factual determinations.

District Court for the Eastern District of Tennessee.[3] That case was dismissed without prejudice after the Tennessee court found it lacked personal jurisdiction over the defendants. (*See* Resp., ECF No. 32.) Plaintiff then filed her case in this Court on July 8, 2020.

Five days after filing her action in Kansas, Plaintiff also filed suit against the same defendants in Maricopa County Superior Court in the State of Arizona ("Arizona Action").[4] Textron filed a motion to dismiss in that case on August 5, 2020, and Plaintiff sought to conduct jurisdictional discovery prior to responding to that motion.[5] In May 2021, the Arizona court permitted Plaintiff to conduct jurisdictional discovery there. (*See* ECF No. 31, Ex. 1.)  Plaintiff was originally allowed 60 days to conduct her discovery, and Plaintiff's Response to Textron's motion to dismiss was due within 75 days. (*Id.*; see also Arizona Action case History.[6]) However, the parties entered stipulations extending those deadlines. The motion to dismiss pending in the Arizona Action has yet to be fully briefed. Ultimately, Plaintiff's pursuit of her claims is complicated by ACS's assertion the Kansas court lacks jurisdiction over it, and Textron's similar assertion the Arizona court lacks jurisdiction over Textron.

---

[3] *Fran Kramer v. Textron Aviation, Inc., et al.*, Case No. 1:19-cv-00215-TAV-CHS (U.S. Dist. Ct. E.D. Tenn., filed July 23, 2019; closed Jan. 28, 2020).

[4] *Fran Kramer v. ACS Products Company, et al.*; Case No. CV2020-094076.

[5] *See* updated Arizona state docket available at:
www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2020-094076.

[6] *See id.*

In this case, Textron filed its answer in August 2020, and soon thereafter filed a motion for the trial to be moved to Wichita. Because all parties had not yet joined, the undersigned denied the motion without prejudice as premature. (Mem. & Order, ECF No. 18.) Since August 2020, defendant ACS Products repeatedly sought to extend its answer deadline.[7] Following an informal request for extension, making the fifth such request, the undersigned set this matter for conference in April 2021. (Notice, ECF No. 21.)

During the April 7, 2021 conference, the Court ordered defendant ACS to file its Answer and—in the event the parties could not agree on moving the case forward—required the parties to file a formal motion for stay, if that was in fact how counsel wished to proceed. (Order, ECF No. 23.) Defendant ACS later filed the instant motion to stay discovery. (ECF No. 29.)

## II.   Motion to Stay Discovery (ECF No. 29)

Defendant ACS asks this Court to stay the merits of the proceeding, largely due to the pending Arizona Action. (Motion, ECF No. 29.) At the time ACS's motion was filed, the Arizona court had not yet issued a ruling on Plaintiff's motion to conduct jurisdictional discovery there, although it has since been granted. ACS asked the District of Kansas to stay any action on the merits of the matter until the Arizona court ruled on the motion to conduct discovery there, and if the motion were granted—as it now has been—to continue

---

[7] *See* Stip., ECF No. 9; Order, ECF No. 10 (Aug. 2020); Stip., ECF No. 12; Order, ECF No. 13 (Oct. 2020); Motion, ECF No. 16; Order, ECF No. 17 (Dec. 2020); Motion, ECF No. 19; Order, ECF No. 20 (Feb. 2021).

to stay this case until discovery has concluded in Arizona. ACS asks that Plaintiff's claims proceed only in one venue until the proper venue for the case is determined. (*Id.*)

Plaintiff filed a one-page Response, simply indicating she supports a stay of this case. She contends, "for reasons of judicial economy and to conserve the resources of the Court and all parties, Plaintiff Fran Kramer respectfully urges this Honorable Court to grant Defendant ACS Products Company's Motion to Stay Proceedings." (ECF No. 31.)

Defendant Textron opposes a stay. Textron contends ACS provides no support or argument as to why the later-filed Arizona Action should take priority over this case. Textron believes the Arizona court does not have jurisdiction over it. It maintains any discovery conducted by the parties here will be useful, regardless in which forum the case proceeds. It contends a "stay of indeterminate length will prejudice" it. (Resp., ECF No. 32.) Textron argues "Plaintiff has filed three separate lawsuits against Textron Aviation and ACS arising from the same 2018 accident, and the parties have yet to do any factual discovery or otherwise address the merits of Plaintiff's claims." It further argues, "as the party seeking the stay, ACS must make a clear case of hardship or inequity in being required to go forward" but ACS did not do so, so the stay should be denied. (*Id.*)

ACS did not file a Reply following Textron's response.

A.      **Legal Standard**

A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[8]  The Court may exercise that power in

---

[8]  *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016); *Universal Premium Acceptance Corp. v. Oxford*

the interest of economy of time and effort for itself and for counsel and parties appearing before it.[9] When discharging its discretion, the Court "must weigh competing interests and maintain an even balance."[10] The Tenth Circuit has cautioned, "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[11] The party seeking stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[12] If a stay is granted, it must be kept within the "bounds of moderation."[13]

In the District of Kansas, courts have examined five factors when weighing the parties' competing interests to determine whether a stay is appropriate: "(1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest."[14]

---

*Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

[9] *Universal Premium Acceptance Corp.*, 2002 WL 31898217, at *1 (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

[10] *Pipeline Prods., Inc. v. Horsepower Entm't*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. Apr. 13, 2016) (citing *Landis*, 299 U.S. at 255).

[11] *Kendall State Bank v. Fleming*, No. 12-2134-JWL-DJW, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)).

[12] *Landis*, 299 U.S. at 255; *see Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015)).

[13] *Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM-JPO, 2012 WL 12837278, at *1 (D. Kan. Mar. 8, 2012) (quoting *Landis*, 299 U.S. at 256).

[14] *Id*. (citing *Klaver Constr. Co. v. Kan. Dep't of Transp.*, No. 99-2510-KHV, 2001 WL 1000679, at *3 (D. Kan. Aug. 23, 2001); *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

**B.      Discussion**

When applying the five factors above, it seems the balance of interests weigh in favor of this case moving forward, even if slowly.

As to the first factor, Plaintiff's interest in proceeding, Plaintiff did not advance any argument in the written briefing as to whether she would be prejudiced by delay. She only claims a stay would serve "judicial economy" and "conserve the resources of the Court and all parties," but provides no support for these conclusory statements. (ECF No. 31.) During the October 21 hearing, her counsel noted the difficulty in Plaintiff, a widow who witnessed a tragic accident, being forced to litigate a case in multiple forums. The Court is cognizant of this difficulty and sympathetic to Plaintiff's plight. However, given that the subject incident occurred in July 2018, Plaintiff initiated the litigation in both locales, and little more than posturing has occurred in the past three years, it seems all parties have an interest in this case proceeding. Therefore, the Court finds this factor to be neutral.

The second factor, burden on Defendants, weighs against a stay. As noted, the incident at issue occurred more than three years ago. ACS provides no argument regarding any burden which might occur if discovery were to proceed in this action, and as the party seeking stay, it is ACS's burden to do so. Textron contends due to the passage of time, witnesses' memories will "only continue to fade", and the parties do not have any information to determine whether other third parties have preserved any potentially important information related to the incident. Allowing time to pass without discovery only increases the potential burden to not only defendants, but to all parties. Any discovery which proceeds on the merits of the claims will occur in whichever forum this case

proceeds, between the same parties named in both courts, and will therefore not be wasteful.

The Court finds the third factor, convenience to the court, is also neutral. Defendant ACS and Plaintiff suggest, without elaborating, that staying discovery until the proper forum is determined would conserve court resources—perhaps due to concerns with competing discovery orders which could occur in the event the case is litigated in two forums. But this is only conjecture on the Court's part, given no arguments were presented by either ACS or Plaintiff in this regard. And, given the length of time that has passed since the underlying incident and the instigation of litigation, the Court is not convinced a stay of discovery would save a significant amount of effort. "It is far more likely that a stay would only postpone the court's work, thereby frustrating the court's strong interest in moving its docket."[15]

The fourth and fifth factors, the interests of non-parties and the public, also appear neutral to the analysis. No party has identified any interests of third parties affected by this litigation, or any public interest related to this case. But other courts in this District have recognized "the public has a general interest in the prompt resolution of claims."[16]

As the party requesting stay, ACS bears the burden to demonstrate the hardship which would occur if this case were to move forward. As a party joining the motion, Plaintiff bears the same burden. But neither party makes out a "clear case of hardship or

---

[15] *Spears*, 2012 WL 12837278, at *3 (quoting *Renda*, 1987 WL 348635 at *5).
[16] *Id.*

inequity" as is required.[17] And, all factors analyzed by the Court are either neutral or weigh in favor of this matter proceeding.

Without a clear finding of hardship, a party's right to proceed is paramount. "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'"[18] Neither ACS nor Plaintiff have articulated such extreme circumstances. And, due to the previous stays in this case, the matter has already been effectively stayed for more than a year. Any discovery which occurs in this matter, as noted above, would occur between the very same parties which are litigating in Arizona, so as long as counsel are communicating, there should be no duplication.

## III.   Conclusion

Finding neither ACS nor Plaintiff have demonstrated such a "clear case of hardship or inequity" which outweighs the interest in this case proceeding, the Court **DENIES** Defendant ACS's motion to stay this case (**ECF No. 29**). This matter will proceed with scheduling and discovery, however slowly it may be necessary to accommodate any changes in the Arizona Action.

The undersigned U.S. Magistrate Judge will conduct a scheduling conference in this case in accordance with Fed. R. Civ. P. 16 on **December 1, 2021 at 10:00 a.m. by Zoom videoconference.** Login information will be distributed a week prior to the conference. The parties, in person and/or through counsel, must confer as required by Fed. R. Civ. P.

---

[17] *Id*. at *1 (citing *Landis*, 299 U.S. at 255).
[18] *Id*. (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).)

26(f) by **November 10, 2021**. Generally, discussion at this planning conference must address the nature and basis of the parties' claims and defenses; the possibilities of settling or resolving the case, including the use of mediation or other methods of alternative dispute resolution; making or at least arranging for the disclosures required by Fed. R. Civ. P. 26(a)(1); any issues about preserving discoverable information; and development of a proposed discovery plan. More specifically, the agenda items that must be addressed during this conference include those set out in Fed. R. Civ. P. 16(c)(2)(A)-(P), Fed. R. Civ. P. 26(f)(3)(A)-(F), and the planning report form posted on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2018/01/Report-of-Parties-Planning-Conference.docx.*

By **November 24, 2021**, Plaintiff must submit the completed report of the parties' planning conference to the chambers of the undersigned magistrate judge, **along with copies of the parties' Rule 26(a) initial disclosures**. The report must follow the prescribed form noted above and must be submitted electronically in .pdf format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*.  It must not be filed with the Clerk's Office. If you have questions concerning these requirements, please contact the undersigned judge's chambers at 316-315-4360, or by e-mail at: *ksd_birzer_chambers@ksd.uscourts.gov*.

In light of the unusual nature of this action having the companion pending Arizona Action, as noted during the hearing and above, the Court will remain cognizant of the progress of the Arizona case. Given some counsel's apparent involvement in this matter in both locales, counsel are certainly encouraged to tailor any discovery such that it may be

utilized in any forum in which this matter progresses, and to specifically discuss this during their Rule 26(f) conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 21st day of October, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge