## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRAN KRAMER, individually, and as Executrix of the Estate of LANNY KRAMER, Deceased,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TEXTRON AVIATION, INC., ACS PRODUCTS COMPANY, and JOHN DOES 1-10,**<br><br>**Defendants.** | Case No. 20-2341-HLT-GEB |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant ACS Products Company's Motion for Leave to File an Amended Answer to Plaintiff's Complaint (**ECF No. 41**) and Defendant Textron Aviation Inc.'s Motion for Leave to Amend its Answer to assert additional defenses (**ECF No. 44**). On January 14, 2022, the Court conducted a status hearing, during which all parties stood on their previously-filed briefs. (*See* ECF Nos. 41, 43 – 47; *see also* Order, ECF No. 49.) After careful consideration of all briefing and discussion with counsel at prior conferences, for the reasons outlined below, the Court **GRANTS** Defendants' motions.

**I.      Background[1]**

The factual background of this matter has been explored extensively in prior orders (*see* Mem. and Orders, ECF Nos. 18, 36) and will not be repeated here. Summarily, Lanny Kramer died after being pulled into the propeller while performing a "walk around" inspection of his Cessna aircraft, when the plane's engine started on its own. Plaintiff Fran Kramer brings negligence and breach of warranty claims against Defendants seeking damages for the anguish her husband suffered before his death and damages for his wrongful death.

The litigation between Plaintiff and both corporate defendants has taken a convoluted path. Plaintiff filed three cases in different jurisdictions in her effort to pursue her case in the proper venue. Her first case filed in Tennessee was dismissed without prejudice.[2] Still surviving are 1) this matter, in which Textron accepts this Court's jurisdiction but ACS maintains it is not properly sued; and 2) a lawsuit in Arizona, in which ACS accepts the court's jurisdiction but Textron maintains it is not properly sued.[3]

Textron filed its Answer quickly following the filing and service of this case. (ECF No. 5, filed Aug. 5, 2020.) After numerous continuances of ACS' answer deadline,

---

[1] Unless otherwise noted, the information recited in this section is taken from the briefs regarding both Defendants' motions for leave to file an amended answer (ECF Nos. 41, 43-47), from the Report of Parties' Planning Conference (not filed; maintained in chambers file); and from the Complaint (ECF No. 1) and Answers (ECF Nos. 5, 24). This background information should not be construed as judicial findings or factual determinations.

[2] *Fran Kramer v. Textron Aviation, Inc., et al*., Case No. 1:19-cv-00215-TAV-CHS (U.S. Dist. Ct. E.D. Tenn., filed July 23, 2019; closed Jan. 28, 2020).

[3] *Fran Kramer v. ACS Products Company, et al.*; Maricopa County Case No. CV2020-094076 (filed July 13, 2020). *See* updated Arizona state docket available at: www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2020-094076.

2

the undersigned required ACS to file its answer (Order, ECF No. 23) and denied a motion to stay proceedings pending the outcome of the Arizona litigation. (Mem. & Order, ECF No. 36.) On April 19, 2021, ACS filed its Answer. (ECF No. 24.) A Phase I Scheduling Order (ECF No. 42) was filed to allow the parties time to exchange the documents contained in the parties' Fed. R. Civ. P. 26(a)(1) disclosures and continue to confer regarding potentially dispositive disputes. During the December 1, 2021 scheduling conference, Defendants notified the Court they may seek to amend their respective Answers to include a defense under the General Aviation Revitalization Act (GARA). The parties were directed to confer regarding the necessity of motion practice on the issue of amendment.

Immediately following the December 1 conference, ACS filed its motion for leave to file an Amended Answer. (ECF No. 41.) Two weeks later, Textron filed its motion also seeking leave to amend its Answer. Plaintiff opposes amendment, and as noted above, on January 14, 2022, the undersigned held a conference to discuss the status of informal discovery, the Arizona action, and the pending motions. During the conference, the Court set a deadline for the parties to submit a proposed schedule to govern the case and informed the parties a written decision would be filed regarding amendment. (ECF No. 49.)

## II. Defendants' Separate Motions for Leave to File an Amended Answer to Plaintiff's Complaint (ECF Nos. 41, 44)

Because both ACS and Textron seek to amend their Answers on similar bases, the Court considers them together.

3

### A.   Parties' Positions

#### 1.   Defendant ACS Products Company's Arguments

ACS asks to amend its Answer for clarity and to include statutory affirmative defenses under the federal statute of repose found in the General Aviation Revitalization Act (GARA) and the state statute of repose found in the Kansas Products Liability Act (KPLA). (ECF No. 41 at 2.) It contends there has not yet been a deadline established for amendment and discovery is just beginning, so its request is timely. (*Id*. at 3.) It argues the amendment will not cause an injustice to Plaintiff, and therefore is not unduly prejudicial. (*Id*. at 3-4.) And, ACS contends it recently substituted lead counsel who determined that some valid defenses had not been asserted, therefore it is acting in good faith by seeking amendment. (*Id*. at 4.)

As to the futility of the proposed defenses, ACS contends Plaintiff's alleged exception to GARA (discussed below) is taken out of context and is intended to apply to innocent people who have "no connection to the aircraft or flight," such as passengers who have no basis to know whether an aircraft is safe, or bystanders injured when an aircraft crashed. It reasons the GARA exception is not intended to include aircraft owners. (ECF No. 45 at 4.) ACS argues the wording of the GARA exception is at odds with the legislative intent. (*Id*.)

ACS also maintains Plaintiff's argument its KPLA defense should not be permitted is premature. Although ACS argues it is not subject to jurisdiction in Kansas, that issue has not yet been decided, so it asks to include the defense to provide Plaintiff notice. (ECF No. 45 at 5.) ACS contends neither defense is "obviously futile" and they

4

should be subject to later dispositive motions rather than decided in the context of a motion to amend. (*Id*. at 2-3.)

### 2. Defendant Textron's Arguments

Textron's arguments do not differ significantly from ACS' position. Textron argues it asserted the statute of limitations as an affirmative defense in its original Answer, but now simply seeks to amend its Answer to include specific citations to the applicable statutes containing the statutes of repose. (ECF No. 44 at 1; Answer, ECF No. 5 at 23.) Like ACS, Textron seeks to add affirmative defenses of GARA's statute of repose and the statute of repose under the KPLA. (ECF No. 44 at 3.) Textron contends its motion was timely filed given the lack of a scheduling order deadline, and Plaintiff cannot demonstrate undue prejudice given the early stage of this case. It maintains it does not seek the amendment in bad faith, and this is its first request to do so. Textron argues the proposed amendments are not futile but raise "legitimate legal issues" that should be decided by this Court. (*Id*. at 6.)

### 3. Plaintiff's Arguments

Plaintiff asserts practically identical arguments in opposition to both motions. She argues because statutes of repose are affirmative defenses, and must be pleaded in the initial answer, the defenses are now waived. (ECF No. 43 at 2; 46 at 2.) Plaintiff contends both Defendants unduly delayed in asserting the proposed affirmative defenses under GARA and KPLA. (ECF No. 43 at 6-7; ECF No. 46 at 9.) And, Plaintiff maintains both affirmative defenses are futile. (ECF No. 43 at 3-6; ECF No. 46 at 6-8.)

First, although Plaintiff does not argue GARA establishes a statute of repose precluding civil suits against manufacturers of aircraft and component parts, she maintains one exception clearly applies here. (*Id.* at 3-4.) GARA's section 2(b)(3) outlines the statute does not apply "if the person for whose injury or death the claim is being made was not aboard the aircraft at the time of the accident." (*Id.*, citing GARA, 49 U.S.C. § 40101.) Because decedent Lanny Kramer was not aboard the aircraft that caused his injuries and death, Plaintiff maintains GARA does not apply and any amendment to add the GARA defense is futile. (ECF No. 43 at 3-5; ECF No. 46 at 4-5.)

Plaintiff also contends the addition of the KPLA defense by both Defendants is futile. Although the KPLA includes a statute of repose in K.S.A. § 60-3303 noting a products liability cause of action can arise only during the "useful safe life" of the product,[4] Plaintiff argues this defense should not be available to ACS. ACS has consistently maintained a position that jurisdiction and venue are improper in the District of Kansas because ACS has no connections to Kansas. Therefore, ACS should not be able to "shield itself from liability under Kansas law." (ECF No. 43 at 6.)

As for the applicability of the KPLA to Textron, Plaintiff contends, in part, that Textron may have misrepresented or concealed information about the "continuing airworthiness" of its aircraft, and specifically its ignition switches. (ECF No. 46 at 6-7.) It contends Textron may have become aware of ignition switch safety issues "generally on

---

[4] Pl.'s Opposition, ECF No. 43 at 5, quoting *Baughn v. Eli Lilly & Co.*, 356 F. Supp. 2d 1166, 1171 (D. Kan. 2005).

6

its aircraft *and perhaps specifically*" on the type of aircraft involved in this accident.[5] Plaintiff notes it has "requested information" from both Defendants "regarding other occurrences of ignition switch malfunctions." (ECF No. 46 at 7.)

Plaintiff's second argument regarding the application of KPLA to Textron involves the "useful safe life" of the aircraft and its ignition switch. (*Id*. at 7-8.) Plaintiff essentially argues K.S.A.§ 60-3303(a)(1) only applies if the accident occurred after the ignition switch's "useful safe life" had expired. But Plaintiff argues that for Defendants to propose the aircraft was monitored and updated as required by the Federal Aviation Regulations to remain safe to fly, yet is beyond its useful safe life, is simply absurd. (*Id*. at 8.) Plaintiff contends there "is no evidence that Textron ever proposed 'repairs, renewals and replacements' to correct the" ignition switch defect, "so it can be assumed that Textron considered this switch continued to be airworthy" and the switch must have been within its "useful safe life." (*Id*.)

Plaintiff argues both Defendants unduly delayed in attempting to assert these defenses, because all facts underlying the defense were available to them when their answers were filed, and they knew or should have known of those facts at that time. No additional information has come to light since the filing of the original answers. ACS filed its answer eight months prior to seeking amendment, and Textron filed its original Answer more than 16 months before seeking to amend. Plaintiff contends Defendants

---

[5] Emphasis added. The parties agree the aircraft at issue is a Cessna Model 182, originally designed, manufactured and sold by Cessna, which was absorbed by Defendant Textron. (See ECF No. 46 at 6.)

7

offer no explanation for their failure to assert the defenses earlier (ECF No. 43 at 7; ECF No. 46 at 9-10.)

### B. Legal Standards

The Fed. R. Civ. P. 15 standard for permitting a party to amend his or her complaint is well established. In cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires."[6] That provision of Rule 15(a) is a "mandate . . . to be heeded,"[7] but the decision to allow an amendment remains within the sound discretion of the court.[8] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[9] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[10] The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on

---

[6] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[7] *Boardwalk Apartments, L.C. v. State Auto Prop. and Cas. Ins. Co.,* No. 11-cv-2714-JAR, 2012 WL 3024712, at * 2 (D. Kan. July 24, 2012) (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962)).
[8] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).
[9] *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).
[10] *Hinkle v. Mid-Continent Cas. Co*., No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

procedural niceties,'"[11] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[12]

With these standards in mind, this Court evaluates Defendants' motions.

**C.   Analysis**

Although Plaintiff argues both Defendants have waived their affirmative defenses for failure to assert them in their initial pleadings, the Court does not agree and will not apply so drastic a measure. If the automatic and permanent waiver of any claim or defense missing from the initial pleading were the rule, no party would ever seek to amend its pleading. And though ACS did not raise this issue, Textron did raise it, and the Court notes both Defendants originally included the statute of limitations as an affirmative defense in their respective Answers, even though neither were specific about which statutes applied. (ACS Answer, ECF No. 24 at 9; Textron's Answer, ECF No. 5 at 23.) The authority cited by Plaintiff to suggest waiver is one where the proposed amendment was sought much later in the life of the case—where the court decided summary judgment before the defendant sought to reconsider that judgment with an affirmative defense not previously pleaded.[13] For these reasons, the Court finds the waiver argument unpersuasive, and addresses the requests for amendment on their merits.

---

[11] *Carefusion 213*, 2010 WL 4004874, at *4 (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).
[12] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).
[13] Pl.'s Resps., ECF Nos. 43 at 2; 46 at 2 (citing *Renfro v. City of Emporia, Kan.,* 732 F. Supp 1116, 1118 (D. Kan. 1990)).

The Court applies the Rule 15 factors of timeliness, prejudice to the other party, bad faith, and futility to the facts at hand. Each factor is addressed in turn.

### 1. Timeliness / Undue Delay

As noted in the background above and argued by both Defendants, the unusual procedural history of this matter resulted in no formal Scheduling Order in place at the time of Defendants' seeking amendment of the pleadings. Therefore, no deadline was yet established for amendment. On the face of the motions, then, the requests are not untimely.

It is true that "[u]ndue delay on its own is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."[14] However, when a request comes early in the life of the litigation and minimal or no prejudice results, courts are less likely to find delay undue.

Textron's motion does not suggest a precise explanation for its delay. (ECF No. 44) Rather, in its Reply brief, Textron contends Plaintiff relies on "inapposite case law in which the party seeking amendment did so after the Court-imposed deadline for amendment or after dispositive motion briefing had occurred." (ECF No. 47 at 1.)

ACS is more transparent. Although Plaintiff contends ACS provided no reasoning for their delay, ACS' motion clearly states, "Recently ACS substituted its lead counsel who determined that some valid defenses/affirmative defenses . . . had not been asserted." (ECF No. 41 at 4.)

---

[14] *Boardwalk Apartments*, at *3 (citing *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

The authority cited by Plaintiff in her responses is either distinguishable or non-persuasive.[15] Most of the cases relied upon by Plaintiff involved motions to amend the pleadings filed closer to the time of trial, and/or after motions for summary judgment were filed, which is not at all analogous to the circumstances of this case.[16] Despite the age of this lawsuit, the case is early in the discovery phase, with the requests for amendment presented prior to initiation of formal discovery. This results in a lack of prejudice and supports a finding that Defendants' delay is not inordinate. Therefore, the Court finds the requests timely and finds this factor weighs in favor of amendment.

### 2. Bad Faith

For the party opposing amendment to succeed on a claim of bad faith amendment, "[t]he movant's bad faith must be apparent from evidence of record," such as awareness of facts and failure to include them in the original pleading.[17] "Bad faith" is defined as "dishonesty of belief, purpose or motive."[18] Plaintiff does not allege either Defendant seeks amendment in bad faith, and the Court observes no bad faith in the briefing nor in the conduct of this case thus far. Therefore, this factor is considered neutral to the analysis.

---

[15] *See, e.g.*, Plaintiff's citation to *E. I. Du Pont de Nemours & Co. v. United States Camo Corp.*, 19 F.R.D. 495 (W.D. Mo. 1956), a 60-year-old opinion from the Western District of Missouri.
[16] See, e.g., *Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.,* No. 11-cv-2714-JAR-KMH, 2012 U.S. Dist. LEXIS 102301, at *8-9 (D. Kan. July 24, 2012),
[17] *See Koch*, 127 F.R.D. at 211 (internal citations omitted).
[18] "Bad Faith," Black's Law Dictionary (11th ed. 2019).

### 3. Prejudice to Plaintiff

As the party opposing the amendments, Plaintiff bears the burden to demonstrate undue prejudice.[19] This is often considered the "most important"[20] factor in deciding whether to permit amendment of the pleadings. Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[21] Invariably, any amendment causes some "practical prejudice," but undue prejudice means the amendment "would work an injustice to" Plaintiff.[22]

Despite her burden to do so, Plaintiff presents no argument regarding prejudice which would occur from amendment. And, given the early stage of this litigation, she would be hard-pressed to do so. Therefore, the Court cannot find amendment of the pleadings as this stage would unduly prejudice Plaintiff, and this important factor weighs considerably in favor of amendment.

### 4. Futility

Finding Defendants' requests to amend is timely, lacking bad faith, and no undue prejudice exists, the Court must consider whether the amendments would be futile. As the

---

[19] *Carefusion 213*, 2010 WL 4004874, at *4 (internal citations omitted).
[20] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *4 (D. Kan. Aug. 29, 2011) (citing *Minter,* 451 F.3d at 1207 and noting "the prejudice factor is the "most important" consideration in the decision.")
[21] *Carefusion 213*, 2010 WL 4004874, at *4 (citing *U.S. v. Sturdevant,* No. 07–2233–KHV, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[22] *Id*. (citing *Sturdevant,* 2008 WL 4198598, at *3).

12

party opposing amendment, Plaintiff bears the burden of establishing futility.[23] Proposed amendments to an answer are futile if the pleadings, as amended, "would be subject to dismissal for any reason."[24] When analyzing the futility of affirmative defenses, the court looks to Fed. R. Civ. P. 12(f), which permits the court to strike "an insufficient defense."[25] "Within the meaning of Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances."[26] "To warrant striking a defense, its insufficiency must be 'clearly apparent' and 'no factual issues exist that should be determined in a hearing on the merits.'"[27] "[A]bsent prejudice to an opposing party, courts should not strike a defense."[28]

The *Layne Christenson* case made clear that "*absent prejudice to an opposing party*, courts should not strike a defense. Striking a defense should further the purpose of Rule 12(f) 'to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.'"[29] Here, the Court has already found permitting the clarification of the limitations defenses would not create undue prejudice for Plaintiff or increase the

---

[23] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[24] *Kaminski v. United States*, No. 14-2630-DDC, 2015 WL 13741591, at *3 (D. Kan. Oct. 16, 2015) (quoting *Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001)).

[25] *Id*. (citing *Coder v. Am. Bankers Ins. Co. of Fla.*, No. 12-2231, 2013 WL 2151583, at *3 (D. Kan. May 16, 2013) (citing *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011) )

[26] *Id*. (quoting *Unicredit Bank AG v. RKC Financial Corp*., No. 13-2311, 2014 WL 2916749, at *9–10 (D. Kan. June 26, 2014) (quoting *Layne Christensen Co*., 2011 WL 3847076, at *6)).

[27] *Id*. (quoting *Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, No. 11-2714, 2013 WL 4504351, at *1 (D. Kan. Aug. 23, 2013) (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009)).

[28] *Id*. (quoting *Unicredit Bank AG*, 2014 WL 2916749, at *9–10 (quoting *Layne Christensen Co*., 2011 WL 3847076, at *6).

[29] *Id*. at *6 (internal citations omitted).

delay of this action. Because no undue prejudice is found, the Court should not strike the defense by preventing amendment.

And, as noted above, the insufficiency of the proposed amended defenses must be "clearly apparent" and there must remain "no factual issues . . . that should be determined in a hearing on the merits."[30] Here, though, any insufficiency of the GARA defense does not seem "clearly apparent." At first glance, it does seem clear that Larry Kramer was on the ground and not aboard the aircraft—but that is not the end of the inquiry. Defendants make reasonable arguments regarding whether the legislature intended such an exception to apply to longtime owners of aircraft as opposed to other victims of aircraft accidents.

As noted by ACS in its Reply, each of the cases cited by Plaintiff to encourage the Court to accept only the plain language of the GARA exception "was either on appeal from a judgment or challenging an agency ruling on an interpretation of a statute. The instant motion before this court is simply to allow ACS to include the GARA (and KPLA) affirmative defense." (ECF No. 45 at 3.) This Court agrees.

In some cases, it is more efficient for the magistrate judge to permit amendment and decline to decide the motion on futility grounds, because it is a more thorough avenue to address the dispositive arguments at other procedural junctures, whether a motion to dismiss or summary judgment.[31] This own Court has opined an issue of futility

---

[30] *See supra* note 27 and accompanying text.
[31] *McCormick v. City of Lawrence*, 03-2195-GTV-JPO, (D. Kan. Dec. 1, 2003), objection overruled by 2004 U.S. Dist. LEXIS 2157 (D. Kan Jan. 29, 2004),

is better decided by the district judge on a dispositive motion.[32] Such is true here when little authority exists on the application of the GARA exception to this specific factual scenario.

Also, Plaintiff's own briefing indicates additional information is required to determine the applicability of the KPLA. Plaintiff contends Textron "*may have* misrepresented or concealed information" about safety issues with its ignition switches generally "and *perhaps specifically*" on the type of aircraft involved in this accident. (ECF No. 46 at 6-7, emphasis added.) Plaintiff admits it has "requested information" from both Defendants "regarding other occurrences of ignition switch malfunctions." (ECF No. 46 at 7.) It is clear factual support is missing from Plaintiff's arguments, at this time, and therefore the insufficiency of the proposed KPLA defenses is not, then, "clearly apparent."

Applying the Rule 12(f) standard as the Court is required to do, Plaintiff bears "a demanding burden" to show adequate grounds to essentially strike Defendants' proposed defenses.[33] But taking the facts in the light *most favorable* to Defendants, as the Court is required to do at this stage, the Court cannot say with certainty on the facts currently

---

[32] *See, e.g., Couser v. Somers*, No. 18-1221-JWB-GEB, 2020 WL 6742790, at *15 (D. Kan. Nov. 17, 2020), *report and recommendation adopted in part sub nom.*, No. 18-1221-JWB, 2021 WL 236080 (D. Kan. Jan. 25, 2021)  (noting "Defendants will have the later opportunity to file summary judgment motions to further clarify the claims presented"); and *Watkins v. Genesh, Inc.*, No. 19-2486-JAR-GEB, 2020 WL 5993641, at *4 (D. Kan. Oct. 9, 2020) ("Exercising its discretion and recognizing Defendant will have an opportunity to challenge the sufficiency of the new claims through a later dispositive motion, the Court will not deny Plaintiff's proposed amendment based on futility").

[33] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *6 (citing *Roderick Revocable Living Trust v. XTO Energy, Inc.,* No. 08–1330–JTM, 2009 WL 603641, at *2 (D. Kan. Mar.9, 2009); *accord Home Quest Mortg., L.L.C. v. Am. Family Mut. Ins. Co.,*393 F. Supp. 2d 1096, 1100 (D. Kan.2005) (recognizing that movant has the burden)).

before it that Defendants could not plausibly present their defenses. The issue before the undersigned Magistrate Judge, in this motion, is not whether Defendants "will ultimately prevail on the proposed [defenses], but whether [they are] entitled to offer evidence to support [their] allegations."[34] Whether the claims will prevail will be questions for the trier of fact at a later date on a significantly more fully-developed factual record. For the above reasons, the Court will not deny, as futile, Defendants' requests to amend their respective Answers.

### III.   Conclusion on Amendment

On review of the Rule 15 factors, the balance of those factors weighs in favor of amendment. No deadline existed by which Defendants were required to seek amendment, and Plaintiff makes no arguments regarding undue prejudice, the most important factor. Bad faith is not demonstrated here. And, the arguments presented by Plaintiff require additional evidence to prove up, and such arguments are best presented in a later dispositive motion.

Because the Court prefers the case to proceed on its full merits,[35] in the interests of justice Defendants are ordered to file their amended pleadings **within 14 days**.

**IT IS SO ORDERED**.

---

[34] *Safetech Int'l, Inc. v. Air Prod. & Controls, Inc*., No. 02-2216-JAR, 2002 WL 31833262, at *2 (D. Kan. Dec. 5, 2002) (other internal citations omitted).
[35] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

Dated at Wichita, Kansas this 25th day of January, 2022.

     s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge