# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRAN KRAMER, individually, and as** ) <br> **Executrix of the Estate of** ) <br> **LANNY KRAMER, Deceased,** ) <br> ) <br>             **Plaintiff,** ) <br> ) <br> v.                                 ) <br> ) <br> **TEXTRON AVIATION, INC.,** ) <br> **and JOHN DOES 1-10,** ) <br> ) <br>             **Defendants.** ) <br> ) | Case No. 20-2341-HLT-GEB |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion ("Joint Motion") to Amend the Scheduling Order (**ECF No. 75**). After careful review and consideration of the Joint Motion and for reasons set forth below, the Court **DENIES** the Joint Motion without Prejudice as to refiling.

## I.     Background[1]

The factual background of this matter has been detailed extensively in prior orders (*see* Mem. and Orders, ECF Nos. 18 and 36) and will not be repeated here. Highly summarized, Plaintiff Fran Kramer alleges Lanny Kramer's Cessna aircraft engine started on its own while Lanny was performing a "walk around" inspection, pulling him into the

---

[1] Unless otherwise noted, the information recited in this section is taken from the briefs regarding both Defendants' motions for leave to file an amended answer (ECF Nos. 41, 43-47), and from the Complaint (ECF No. 1) and Answers (ECF Nos. 5, 24). This background information should not be construed as judicial findings or factual determinations.

propeller, and causing injuries which resulted in his death. Plaintiff brings negligence and breach of warranty claims against Defendants seeking damages for the anguish her husband suffered before his death and damages for his wrongful death.

The litigation between Plaintiff and Defendant Textron Aviation, Inc. has taken a slow and complicated path. Plaintiff filed three cases in three different jurisdictions in her effort to pursue her case in the proper venue. Her first case filed in Tennessee was dismissed without prejudice.[2] Still surviving are: 1) this matter, in which Textron Aviation, Inc. ("Textron") and John Does remain Defendants;[3] and 2) a lawsuit in Arizona, in which ACS Products Company, ("ACS") accepts the court's jurisdiction but Textron has filed a Motion to Dismiss for lack of personal jurisdiction.[4]

In this case, Textron filed its Answer in a timely manner after service of the Complaint and Summons.[5] ACS requested and was granted multiple extensions of its time to answer the Complaint.[6] After ACS filed its Answer on April 19, 2021, it filed a Motion to Stay Discovery pending the outcome of the Arizona litigation.[7] This Court denied the stay and entered a Phase I Scheduling Order on December 2, 2021, which required the

---

[2] *Fran Kramer v. Textron Aviation, Inc., et al*., Case No. 1:19-cv-00215-TAV-CHS (U.S. Dist. Ct. E.D. Tenn., filed July 23, 2019; closed Jan. 28, 2020).

[3] ACS Products Company was originally named as a Defendant in this case. It was dismissed due to lack of personal jurisdiction on March 4, 2022. (ECF No. 64).

[4] *Fran Kramer v. ACS Products Company, et al.*; Maricopa County Case No. CV2020-094076 (filed July 13, 2020). *See* updated Arizona state docket available at: www.superiorcourt.maricopa.gov/docket/CivilCourtCases/caseInfo.asp?caseNumber=CV2020-094076.

[5] ECF No. 5, filed Aug. 5, 2020.

[6] ECF Nos. 9, 10, 12, 13, 16, 17, 19, 20 and 23.

[7] ECF Nos. 24 and 29.

exchange of Fed.R.Civ.P. 26 Disclosures.[8] The Court then held a status conference on January 14, 2022, and after discussion with the parties, ordered them to submit a proposed schedule to govern this action, which resulted in the Court's Scheduling Order of January 27, 2022.[9]

The Scheduling Order included language requiring a mediation notice be submitted to the Court by June 24, 2022.[10] The parties filed a joint motion to extend the deadline to submit the mediation notice, noting the requirement of inclusion of a "firmly scheduled date, time, and place of mediation." The Court extended the deadline to July 1, 2022,[11] with which the parties partially complied. They neglected to include a date and time for the mediation. Instead, they indicated they were awaiting the mediator's availability and assured the Court an amended mediation notice would be filed once the mediator's availability became known. Now more than thirty days later, as of the date of this Memorandum and Opinion, the parties have not yet filed an amended mediation notice. Thus, the Court must conclude mediation has not been scheduled.

The Court is aware, via the electronic docket in this case, since the Scheduling Order was entered on January 27, 2022, the parties conducted the exchange of some written discovery, but no other traditional methods of discovery have either commenced or been noticed up. Yet, formal discovery is set to close on November 18, 2022.

The parties filed the instant Motion to Amend the Scheduling Order on July 28, 2022.

---

[8] ECF Nos. 36 and 42.
[9] ECF Nos. 49 and 53.
[10] ECF No. 53.
[11] ECF No. 72.

**II.     The Parties' Position Regarding Justification to Amend the Scheduling Order.**

The parties set forth two reasons for amending the Scheduling Order: 1) An expert's schedule has not yet allowed for an inspection of the aircraft ignitions switch and key, delaying the inspection to August 2022; and 2) Plaintiff has been unable to obtain discovery from ACS in the Arizona litigation, requiring her to issue a subpoena in the instant case on June 24, 2022. Hence, the Joint Motion requesting all deadlines be adjourned 120 days. The court interprets "adjourned" to mean either a request for a 120 day stay of discovery, or to extend the discovery deadline by 120 days. The parties also requested the deadline to complete mediation be extended until 30 days after the completion of discovery. The Court is not inclined to grant either request at this time.

**III.    Discussion.**

Federal Rule of Civil Procedure 16(b)(4) allows for modification of scheduling orders "only for good cause and with the judge's consent." Courts have interpreted this standard to impose upon the movant a requirement to show scheduling order deadlines "cannot be met despite the movant's diligent efforts."[12]  A court's refusal to enter a new scheduling order is reviewed for an abuse of discretion,[13] and a court has "considerable discretion" when determining what establishes good cause.[14]

---

[12] *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)).
[13] *Id.* (citing *Rimbert v. Eli Lilly & Co*., 647 F.3d 1247, 1254 (10th Cir. 2011)).
[14] *Id.* (quoting 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019)).

4

There are three relevant factors for the Court to consider when a party requests a change to the Scheduling Order: 1) the explanation for the delay;[15] 2) the relative diligence of the lawyers who seek the change,[16] and 3) possible prejudice to the party opposing the modification.[17]

Considering the two reasons the parties assert as justification for their request to adjourn the current deadlines by 120 days, the Court struggles to find either an adequate explanation for delay or quite frankly, diligence in scheduling experts and efforts to obtain discovery from the Arizona case.

With regard to the expert's schedule, the parties provide no substantive explanation regarding: 1) the specific date of the inspection; 2) how long the parties and the expert have been attempting to schedule the inspection; 3) why the inspection is taking place seven months after the Court entered its Scheduling Order, when the parties knew this would be a crucial part of discovery; 4) why a hiatus of 120 days is necessary when the inspection is scheduled to occur at least three months prior to the close of discovery; 5) a proposed timeline for all experts to inspect the aircraft equipment; or 6) any proposed deadlines for expert disclosures. The practical effect of a good cause showing requires "the parties show the scheduling deadlines cannot be met despite the parties' diligent efforts."[18] The failure

---

[15] *Id.* (quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)).
[16] *Id.*
[17] *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).
[18] *Gorsuch, Ltd, B.C. v. Wells Fargo Na. Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D.Colo.2001)).

of the parties to provide this information leaves the Court with no ability to find an adequate explanation for the delay.

The parties also argue Plaintiff has been unable to obtain discovery from ACS in the Arizona litigation, requiring Plaintiff to issue a subpoena in the instant case on June 24, 2022. The Joint Motion is silent regarding when the Plaintiff began trying to obtain this discovery in Arizona, or more importantly, why Plaintiff waited until ACS's counsel declined the Arizona discovery request to issue her subpoena in this action. Plaintiff issued the subpoena only after it was clear she could not obtain the information through the Arizona case, causing the current delay.

The parties do not convince this Court that despite diligent efforts they cannot comply with the deadlines in the Scheduling Order. They provide nothing beyond what they are *not* able to accomplish. As such, the parties do not adequately explain their delay or demonstrate their diligence in a way that satisfies this Court an adjournment of the deadlines in the Scheduling Order should be granted.

The requirement of diligence also applies to the way the parties presented their request for an adjournment. The parties would have a stronger argument for their request if due diligence was demonstrated regarding an alternative proposed timeline for the conduct of discovery in this case. The parties come to the Court seeking to buy time without presenting the Court a scintilla of a discovery plan showing what discovery *can* be completed by the current November 18, 2022 discovery deadline. And, at the risk of belaboring the point here, there is no indication of what additional discovery needs to be taken in this case, and no proposed completion date for discovery in the event the parties'

6

request would be granted. The parties further do not disclose how they intend to pursue discovery in this case despite any possible future delays with the Arizona litigation. The Court would have appreciated a proposed schedule governing the litigation in this case after the expiration of the requested adjournment.

Lastly, the parties will recall, at the outset of this case, the Court advised the parties it would be sensitive to the facts and circumstances of this case including its procedural complexities, but while it understood there is pending litigation in Arizona, in no uncertain terms would it be held hostage to the pace of that litigation. If the parties are choosing not to present a discovery plan in this case because how they proceed in this case depends on the occurrences in the Arizona litigation, the Court declines to label such choices either as good cause or diligence. Without adequate and intentional planning for the conduct of discovery in this case, this Court cannot be subject to a moving target in other litigation.

The court is mindful its inclinations may further handicap the parties. But these are handicaps which existed and were known to the parties when the case was filed in both Kansas and Arizona. The Court, with counsel's input, attempted to accommodate the dualities present here through scheduling. But the focus of the Court in this regard is upon what "prejudice to the non-moving party may supply additional reasons for a court to deny a motion to modify a scheduling order."[19] Because this is a Joint Motion, neither party opposes the extension, and the Court does not need to consider prejudice.

---

[19] *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

## IV. Conclusion.

This case was filed over two years ago, and formal discovery does not close until November 18, 2022. The parties have not successfully argued why there has been delay in meeting the current deadlines, or that they have diligently worked this case to meet the deadlines set by the Court. And the parties do not convince this Court they have a plan to ensure deadlines will be met, and discovery in this case will be complete at some point, even after an "adjournment" of 120 days.

The parties have not acted diligently in filing an adequate mediation notice that meets the requirements of the Court's Scheduling Order, despite the Court granting an extension of the deadline to file the same.[20] The Court is not at all convinced the parties have a plan in place to diligently work to meet any future deadlines set by this Court.

Based upon the forgoing, the parties' Joint Motion to Amend the Scheduling Order **(ECF No. 75)** is **DENIED without prejudice as to refiling.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 2nd day of August 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[20] ECF No. 73.